```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                    Case No. 2:02-cr-31-FTM-29DNF

SERGOT CHERY
_____

**OPINION AND ORDER**

This matter is before the Court on defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and as Set Forth in Guideline 1B1.10, Also 18 U.S.C. § 3553(a) (Doc. #77) filed on April 3, 2008. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

**I.**

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). Defendant Chery satisfies all of these eligibility requirements and a reduction in the term of imprisonment would be consistent with the

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

Sentencing Guidelines policy statement so long as the reduction does not go below the mandatory minimum statutory term of imprisonment.

While defendant is eligible for a reduction in the term of imprisonment and such a reduction is not excluded by the Sentencing Guidelines policy statement, the court must make two distinct determinations before deciding whether and to what extent to reduce a defendant's term of imprisonment under § 3582(c)(2). First, the court must recalculate the sentence under the amended guidelines. The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The Court uses that new base level to determine what ultimate sentence it would have imposed. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999).

The second step is to decide whether, in its discretion, the court will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. Bravo, 203 F.3d at 781. In making this decision, the court considers the

factors listed in § 3553(a) to the extent consistent with the Sentencing Guidelines policy statement. Bravo, 203 F.3d at 781; Vautier, 144 F.3d at 760. The Court must also consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment, U.S.S.G. § 1B1.10, Application Note 1(b)(ii), and may consider post-sentencing conduct of defendant occurring after the imposition of the original term of imprisonment, Application Note 1(b)(iii). While the two steps are required, the court is not required to reduce defendant's sentence because that determination is discretionary. Vautier, 144 F.3d at 760; United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997); United States v. Vazquez, 53 F.3d 1216, 122728 (11th Cir. 1995).

## II.

At the original sentence, the Court determined that defendant's Base Offense Level was 32, his Total Offense Level was 32, his Criminal History Category was I, and the Sentencing Guidelines range was 121 to 151 months imprisonment. Defendant was sentenced to 121 months imprisonment. The application of Amendment 706 results in a Base Offense Level of 30, a Total Offense Level of 30, a Criminal History Category of I, and a Sentencing Guidelines range of 120 to 121 months imprisonment. The lower end of the new Sentencing Guidelines range is 120 months because the count of conviction carried a statutory mandatory minimum sentence of ten

years imprisonment.[2]  The Probation Office reports that defendant has taken English proficiency classes, Spanish, French and Japanese language classes, general education classes, and computer, business and accounting courses.  Defendant has no significant disciplinary actions.  Therefore, in the exercise of its discretion, the Court will apply the Amendment 706 reduction to defendant, and will impose a sentence at the low end of the newly calculated Sentencing Guidelines range.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   Defendant Sergot Chery's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and as Set Forth in Guideline 1B1.10, Also 18 U.S.C. § 3553(a) (Doc. #77) is **GRANTED** as set forth below.

2.   The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to 120 months imprisonment, and otherwise leaving all other components of the sentence as originally imposed.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of April, 2008.

_____
JOHN E. STEELE
United States District Judge

---

[2] As a general rule, the court may not reduce defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range determined under U.S.S.G. § 1B1.10(a)(1).  U.S.S.G. § 1B1.10(b)(2)(A).  An exception to this rule exists where the original term of imprisonment was less than provided by the guideline range at the time of the sentencing.  In such a situation, a reduction comparably less than the amended guideline range may be appropriate.  U.S.S.G. § 1B1.10(b)(2)(B).  The exception is not applicable in this case.

Copies:
AUSA Molloy
Sergot Chery
U.S. Probation
U.S. Marshal